By the Court.—Freedman, J.
Upon the question of defendant’s negligence, as well as upon the question of plaintiff’s alleged contributory negligence, the evidence was sufficient to carry the case to the jury, and hence defendant’s motions for a dismissal of the complaint and for the direction of a verdict were properly denied. Nor can I discover any valid objection to the charge under which the whole case was submitted to *358 the jury, or any merit in any of the exceptions taken by the defendant to the refusals to charge otherwise.
Upon the question of damages, the defendant might have asked to have the jury instructed that the father of the plain JS was entitled to the earnings of the plaintiff during his minority, and that, consequently, they had no right to include in their estimation any damage sustained by the = plaintiff in this respect during his minority. If such a request had been duly made and refused, an exception taken to such refusal might be pressed as a ground for a new trial. But, as no such request was made, nor the attention of the trial judge called to the point, and as the plaintiff had become of gge before the trial, a mere general exception to the proposition charged, that the plaintiff, if entitled to recover, was entitled to compensation, among other things, for the time he had been deprived of the ability to labor, presents no ground for reversal.
The exceptions to the admission of testimony and the denial of the motion for a new trial appear to be equally untenable.
The judgment and order should be affirmed, with costs.
Sedgwick, Ch. J., concurred.